## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITTANIE WILLIAMS** : | |
| : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **JURORS DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| Defendant. : | |

## CIVIL ACTION COMPLAINT

1.    This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.    Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant Trans Union is a citizen of the Commonwealth of Pennsylvania, as defined by 28 U.S.C. §1391(c)(2).

## PARTIES

4.    Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.    Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

1

furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Trans Union's consumer dispute center is located in the Eastern District of Pennsylvania.

**FACTUAL ALLEGATIONS**

6.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.     Defendant is reporting Plaintiff's Nelnet, Inc. (Nelnet) accounts # 9000**** and #9000**** on Plaintiff's credit report.

8.     Plaintiff's debt with Nelnet arose from student loans. Nelnet closed the accounts on 05/19/2017 and 05/17/2017, after the accounts were closed with a zero balance. Plaintiff's payment obligations to Nelnet ceased.

9.     The trade lines were updated to reflect a $0 balance when the accounts were closed on 05/19/2017 and 05/17/2017.

10.     According to Plaintiff's Trans Union credit report dated 02/06/2019, Plaintiff's Nelnet accounts were closed with a $0 balance on or about 05/19/2017 and 05/17/2107. Despite the Nelnet accounts being closed with a $0 balance on or around 05/19/2017 and 05/17/2017, Nelnet continued to report an erroneous pay status of "Account 120 Days Past Due" for the above listed accounts on Plaintiff's Trans Union report dated 02/06/2019. It is both impossible and incorrect for accounts that are closed with a "0" balance to still be reporting as 120 Days Past Due as of 02/06/2019. Not only are the Nelnet accounts false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on these accounts that were previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

11.     The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "120 Days Past Due" on accounts that has a $0 balance. Plaintiff's financial obligations that were once due to Nelnet have ceased. At the time that the accounts were closed, the accounts should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the accounts as currently "120 Days Past Due", the correct reporting would have reported the pay status as "closed". Reporting the accounts as currently 120 Days Past Due appears as if the accounts are a very recent delinquency, which they are not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 120 Days Past Due is reporting as if Plaintiff is currently late on payments to Nelnet even if those late payments are $0. Listing debts with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

12.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Nelnet accounts as reported by Trans Union and Nelnet to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

13.     Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

14.    Plaintiff disputed the inaccurate late pay status on their Nelnet accounts through a dispute letter sent to Trans Union.

15.    Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

16.    Trans Union did not provide a good faith investigation into the disputed pay status of the Nelnet accounts. Trans Union did nothing more than parrot inaccurate data from Nelnet in their investigation.

17.    Based upon information and belief, Trans Union received Plaintiff's dispute and transmitted the dispute to Nelnet, triggering the investigation duties for Defendant; however, Defendant failed. Had they conducted a proper investigation, they would have discovered that the reporting of a late pay status for $0 balance accounts is nonsensical and wrong. Instead, Trans Union verified the erroneous trade lines displaying the late pay status.

18.    Nelnet continues to report, and Trans Union continues to allow Nelnet to report, a pay status indicating that the debts are currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

19.    Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

20.    Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

21.    Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

22.    Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed Nelnet to report a pay status as actively delinquent despite a $0 balance indicated on the trade lines.

23.    Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

24.    Plaintiff's Nelnet accounts were closed with a $0 balance, but Trans Union continues to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid; however, they continue to report a current status as past due.

25.    As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

26.    Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant

to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

### COUNT II
### TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

27.    Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

28.    Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

29.    Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

30.    Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify inaccurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their Nelnet accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 120 Days Past Due".

31.    Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Nelnet was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's

dispute of the Nelnet accounts. Trans Union simply parroted data from Nelnet. Trans Union did nothing more than regurgitate data from Nelnet.

32.     The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were closed with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

33.     As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

34.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n.  In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

35.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Nelnet on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

36.     At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

37.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendant based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.


Respectfully submitted,

BY*: /s/ Matthew Weisberg*            BY*: /s/ Gary Schafkopf*
MATTHEW B. WEISBERG, ESQ            GARY SCHAFKOPF, ESQ
WEISBERG LAW                        SCHAFKOPF LAW, LLC
ATTORNEY FOR PLAINTIFF              ATTORNEY FOR PLAINTIFF
Attorney ID No. 85570               Attorney ID No. 83362
7 South Morton Ave. 19070           11 Bala Ave
Morton, PA                          Bala Cynwyd, PA 19004
610-690-0801                        610-664-5200 Ext 104
Fax: 610-690-0880                   Fax: 888-283-1334
mweisberg@weisberglawoffices.com    gary@schaflaw.com


BY: */s/ Dennis McCarty*
DENNIS McCARTY, ESQ
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd
Suite 101 #504
Rockwall, TX 75032

8

817-704-3375
Fax: 817-887-5069
dennismccartylaw@gmail.com

DATED: 2-3-2021